USDC SCAN INDEX SHEET

















GEP   5/27/04   15:36

3:04-CV-01062   MOHAMED V. ASHCROFT

*1*

*PCSO.*

1  Law Office of Mahir T. Sherif
   MAHIR T. SHERIF, Esq. (SB# 135021)
2  3376 30th Street
   San Diego, CA 92104
3  Telephone: (619) 297-4444
   Facsimile: (619) 297-4115
4
   Attorney for Defendant, Omar Abdi Mohamed
5

FILED

04 MAY 26 AM 11:48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12                                    '04 CV 1062 JM    (LSP)

13  OMAR ABDI MOHAMED,                 )
                                       )
14            Petitioner,              )    **PETITION FOR WRIT OF HABEAS**
                                       )    **CORPUS AND COMPLAINT FOR**
15       vs.                           )    **DECLARATORY AND INJUNCTIVE**
                                       )    **RELIEF**
16  JOHN ASHCROFT, TOM RIDGE, AND      )
                                       )
17  MICHAEL TURNER,                    )
                                       )
18            Respondent.              )
                                       )
19                                     )
                                       )
20  _____)

21

22       COMES NOW Petitioner, Mr. Omar Abdi Mohamed ("Mr. Mohamed"), by and through

23  his undersigned counsel, Mahir T. Sherif, hereby petitions this Honorable Court for a writ of

24  habeas corpus to remedy his unlawful detention, to prevent further the further unlawful detention

25  of Mr. Mohamed, and to enjoin Respondents from pursuing this action until Mr. Mohamed's

26  case in this Federal District Court for the Southern District of California has been adjudicated.

27  In support of this petition and complaint for declaratory and injunctive relief, Mr. Mohamed

28  alleges as follows:

## I. CUSTODY

1.      He is in custody of the Bureau of Immigration and Customs Enforcement, detained at the San Diego Correctional Facility located at 446 Alta Road, San Diego, California, 92158.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this petition pursuant to 28 U.S.C. §2241, Art. I §9, cl. 2 of the United States Constitution, and 28 U.S.C. §1331, as Mr. Mohamed is presently in custody under color of the authority of the Constitution and laws of the United States.

3.      This Court may grant relief pursuant to 28 U.S.C. §2241, the Administrative Procedure Act, the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the All Writs Act, 28 U.S.C. §1651.

4.      Venue lies in the United States District Court, Southern District of California because, it is the judicial district in which all respondent's reside, a substantial part of the events or omissions giving rise to the claim occurred in the district, at least one respondent may be found in the district, and all respondents are either officers or employees of the United States or any agency thereof acting in their official capacities. 28 U.S.C. §1391(b); §1391(e).

## III. PARTIES

5.      Petitioner Mr. Mohamed is a native of Somalia, who has lived and worked in this country since 1995. He is and has been a lawful permanent resident of the United States since 1995. Until his arrest and detention by the Government on January 22, 2004, he was residing with his wife and six children in San Diego, California, and employed by the San Diego Unified School District.

6.      Respondent, Michael D. Turner, is the Acting Special Agent in Charge of the San Diego District of the Bureau of Immigration and Customs Enforcement, and administers the immigration laws on behalf of the Attorney General and as such has immediate control and custody of Petitioner.

///

7.      Respondent, Tom Ridge, is the Secretary of the Bureau of Immigration and Customs Enforcement, Department of Homeland Securities.  He is directly responsible for the administration, implementation and enforcement of the immigration laws and is a legal custodian of Petitioner.

8.      Respondent, John Ashcroft, is the Attorney General of the United States, and is authorized by law to administer and enforce the immigration laws pursuant to 8 U.S.C. §1103. As the Attorney General, he is the ultimate legal custodian of Petitioner, and has responsibility for the two agencies involved in determining whether or not Petitioner should be released.

## IV.  SUMMARY OF EXCEPTIONAL CIRCUMSTANCES

9.      Petitioner has exhausted his administrative remedies to the extent possible and as discussed below, and his only remedy is by way of a habeas petition.

10.     Petitioner has not received a judgment or order from the Immigration Court to which appeal, now almost 30 days after the redetermination hearing, and more than four months since being originally detained by the government.

11.     Petitioner has also been informed that the Respondents intend to initiate an automatic stay  pursuant to 8 C.F.R. §3.19(i)(2), to which there is no prompt substantive or procedural due process during the indeterminate period of time until the appeal is adjudicated.

12.     Petitioner is also seeking injunctive relief prohibiting the Immigration Court and/or Respondents from proceeding with the related action, until such time as the Petitioner's Federal Court case has been adjudicated.  The Immigration suit will only delay and frustrate the Federal Court case, whereby the relief available to Petitioner depends upon the ultimate outcome of the Federal action.

13.     The reason for making this application to this Federal District Court in which the applicant is held, is because Petitioner is requesting relief that entails giving the District Court case priority, or prohibiting the Immigration Court from proceeding, until the District Court case has been adjudicated; and seeks to prevent harm incurred by the automatic stay provision that deprives the defendant of all due process rights during an indeterminate period of time prior to the Board of Immigration Appeals issues a decision on the appeal.

PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

**03-CR-3433-JAH**

## V.  FACTUAL AND PROCEDURAL HISTORY

14.    Mr. Mohamed was arrested on January 22, 2004, in accordance with a Grand Jury Indictment for alleged violations of 18 U.S.C. §1546(a), and 18 U.S.C. §1015(a).  On about March 25, 2004, the Government issued a superceding indictment alleging several more counts of violations of the same two statutes.

15.    On March 30, 2004, Honorable District Court Judge John A. Houston, in the Southern District of California, issued an order releasing Mr. Mohamed on bond.

16.    On about April 1, 2004, Mr. Mohamed was informed that an immigration hold had been set on Mr. Mohamed.   On about April 5, 2004, the Bureau of Immigration and Customs Enforcement took custody of Respondent.  On April 6, 2004, a Notice to Appear was executed, alleging essentially the same facts as are alleged against Mr. Mohamed in the Federal Court case, and determining Mr. Mohamed should be detained by the Bureau of Immigration and Customs Enforcement without bond.

17.    On April 29, 2004, Mr. Mohamed appeared before Honorable Judge Joseph M. Raguso for a Bond Redetermination hearing, where the Government argued that Mr. Mohamed was a flight risk and a danger to the community, issues that were already ruled in favor of Mr. Mohamed in Federal District Court by Honorable Judge John A. Houston.

18.    It is now May 24, 2004, and an order has not been issued with respect to the Bond Hearing on April 29, 2004.  Mr. Mohamed has now been detained since January 22, 2004.

## VI.  FIRST CLAIM FOR RELIEF (DUE PROCESS)

19.    Petitioner incorporate by reference, paragraphs one (1) through eighteen (18) as alleged and contained herein.

20.    The Due Process Clause of the Fifth Amendment provides that "no person shall be .. deprived of life, liberty, or property, without due process of law."  U.S. Constitution Amendment V.  "Freedom from bodily restraint has always been the core of the liberty protected by the Due Process Clause from arbitrary governmental action."  Foucha v. Louisiana, 504 U.S. 71, 80 (1992).

///

21.     Substantive due process requires that detention authorized for non-punitive purposes not be "excessive in relation to the regulatory goal Congress sought to achieve." United States v. Salerno, 481 U.S. 739, 747 (1987).  Although Congress can detain an alien pending Removal Proceedings for the legitimate purposes of protecting the community and preventing flight pending Removal, such detention cannot be "excessive" to those purposes.

22.     By the actions described above, Respondents, acting under color of law, have violated and continue to violate the Fifth and Fourteenth Amendments to the United States Constitution.  Respondents have ordered and prolonged the arbitrary detention of Mr. Mohamed, without Due Process of law.  Therefore, Mr. Mohamed must be released on his own recognizance.

## VII.  SECOND CLAIM FOR RELIEF (DUE PROCESS)

23.     Petitioner incorporate by reference, paragraphs one (1) through twenty-two (22) as alleged and contained herein.

24.     The automatic stay pursuant to 8 C.F.R. §3.19(i)(2) violates substantive and procedural due process because they allow the Bureau of Immigration and Customs Enforcement automatically to continue to detain Petitioner despite the individualized determination by an impartial adjudicator, the Immigration Judge, that such detention serves no governmental purpose and without any prospect of a prompt adjudication of the government's appeal to the Board of Immigration Appeals.  Moreover, the automatic stay remains in existence for an indeterminate period of time until the appeal is adjudicated.

## VIII.  THIRD CLAIM FOR RELIEF (DECLARATORY AND INJUNCTIVE RELIEF)

25.     Petitioner incorporate by reference, paragraphs one (1) through twenty-four (24) as alleged and contained herein.

26.     On March 30, 2004, Honorable District Court Judge John A. Houston, in the Southern District of California, issued an order releasing Mr. Mohamed on bond, and holding that Mr. Mohamed was not a flight risk or a danger to the community.  This Federal Court case has not yet concluded, but the Bureau of Immigration and Customs of Enforcement has initiated proceedings in Immigration Court, and are holding Mr. Mohamed without bond.

PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

03-CR-3433-JAH

27. On April 6, 2004, the Bureau of Immigration and Customs Enforcement issued a Notice to Appear to Omar Abdi Mohamed, and detained Mr. Mohamed without bond on the basis that he is a flight risk and danger to the community.

28. On April 29, 2004, Mr. Mohamed appeared in front of the Immigration Court for purposes of a bond redetermination. No judgment or order has been made at or following that hearing. Irrespectively, the issues for said hearing were the same issues adjudicated in the Federal District Court. Mr. Mohamed is not a flight risk, and not a danger to the community.

29. The allegations per Mr. Mohamed's Notice to Appear are duplicative of the allegations in his Federal Grand Jury Indictment.

30. Mr. Mohamed's available relief in the Immigration Court will depend upon the outcome of the Federal Court case. Therefore, the Immigration Court proceedings should be stayed pending the conclusion of the Federal Court action.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Petitioner prays for relief that the Court:

1. Assume jurisdiction over this matter;

2. Issue a Writ of Habeas Corpus, directed to Respondents ordering them to release Petitioner immediately on his own recognizance;

3. Declare that the Respondents may not invoke the automatic stay provision to prevent the release of individuals granted bond, as contrary to 8 C.F.R. §3.19(i)(2) and §3.19(h)(2)(ii);

4. Issue a preliminary injunction enjoining the Respondents from invoking the automatic stay provision to prevent the release of Petitioner, as contrary to 8 C.F.R. §3.19(i)(2) and §3.19(h)(2)(ii);

5. Issue an order prohibiting Respondents from pursuing the Immigration Court action, case number "A 449 17 640" prior to the complete adjudication of the Federal Court action, in the Southern District of the California, case number "03-CR-3433-JAH;"

///

1

6.     And any and all other relief that the Court deems just and appropriate.

2

3   Dated: __May 25th 2004__            Respectfully Submitted

4                                          By: _____

5                                          Mahir T. Sherif, Attorney for Defendant

6

7                                          Mahir T. Sherif (CA Bar No. 135021)

8                                          Law Office of Mahir T. Sherif

                                           3376 30th Street
9                                          San Diego CA 92104

10                                         Telephone: 619-297-4444
                                           Facsimile: 619-297-4115
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

03-CR-3433-JAH

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

04 MAY 26 AM 11: 48

Mohamed, Omar Abdi

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**DEFENDANTS**

Ashcroft, John

Ridge, Tom          Turner, Michael

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

BY:

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

DEPUTY NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Mahir T. Sherif
3376 30th Street
San Diego, CA 92104
(619) 297-4444

'04 CV 1062 JM

Attorneys (If Known)

Carol Lam, United States Attorney
United States Attorney's Office
Southern District of California, Criminal Division
888 Front Street, Room 6293

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | Security Act | | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | |
|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |

☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Sec. 2241 Art. I

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE   John A. Houston   DOCKET NUMBER   03-CR-3433-JAH

DATE   5/26/2004   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 104025   AMOUNT   5 —   APPLYING IFP   MS   JUDGE   MAG. JUDGE